SUHRHEINRICH, Circuit Judge,
dissenting.
I concur in the majority’s dismissal of the post-deprivation and defamation *470 claims. However, because I believe Lane was afforded sufficient process prior to his termination, I would affirm the entire judgment entered in favor of the defendants and, therefore, I dissent.
The majority provides two reasons to support its conclusion that Lane was denied predeprivation due process. First, the majority claims that Lane was deprived of an explanation of his employer’s evidence and of a meaningful opportunity to tell his side of the story because “Lane was denied the opportunity to see the photographs he was accused of viewing and retaining.” Maj. Op. at 464.
In the employment context, pre-deprivation due process requires simply “an explanation of the employer’s evidence,” as well as “an opportunity to present [the employee’s] side of the story.” Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Lane got that. At Lane’s predisciplinary conference, which constituted his pre-termi-nation hearing, Taylor asked Lane to explain the pornography found on his work computer. Thus, Taylor explained the evidence against Lane and gave him an opportunity to tell his side of the story. Lane did so, stating that he was unaware of any pornography on his computer, but if there was pornography, it possibly entered Lane’s computer when he checked personal emails sent from his friends.
The majority finds error because Taylor refused Lane’s request to view the images allegedly found on his computer. But Loudermill does not require production of evidence. Collyer v. Darling, 98 F.3d 211, 224 (6th Cir.1997). Collyer is instructive on this point. Bruce Collyer worked as a Therapeutic Program Worker (“TPW”) for the Broadway Development Clinic (“BDC”), an institution operated by the Ohio Department of Mental Retardation and Developmental Disabilities. Id. at 216. Collyer was reassigned to the position of doorman after he experienced sudden outbursts of anger, prompting the BDC to seek a psychiatric evaluation of Collyer. Id. at 216-17. Collyer was evaluated by Dr. Friedrich Lingl, who concluded that Collyer suffered from a paranoid personality disorder that prevented him from functioning effectively as a TPW. Id. at 217. Collyer subsequently received a letter indicating that the BDC planned to place him on leave because of Dr. Lingl’s conclusions. Id. at 224. The BDC then issued a notice of personal conference, during which Collyer was informed that Dr. Lingl determined Collyer was unfit for work. Id. After the conference, the BDC placed Collyer on “unpaid leave.” Id. Col-lyer brought suit for the violation of his due process rights, alleging insufficient pre-deprivation process “because he was denied a copy of Dr. Lingl’s report.” Id. The Sixth Circuit disagreed:
As regards Dr. Lingl’s report, Louder-mill and its progeny do not require any more than adequate explanation of the reasons for the employer’s action. Thus, it was sufficient for the BDC to inform Collyer that he was being “suspended” because the doctor determined him unfit due to a mental condition.
Id. (emphasis added).
Just as a general description of Dr. Lingl’s finding provided Collyer with a sufficient explanation of the evidence against him and an opportunity to respond, Taylor’s general statement that pornography was found on Lane’s computer similarly provided Lane with a sufficient explanation of the evidence against him and an opportunity to respond.[1] In short, Lane *471 received adequate pre-deprivation due process.
The majority also reasons that Lane’s pre-deprivation due process was deficient because Lane “was not notified of any sexual-harassment or hostile-work-environment charges.” Maj. Op. at 465. The “Notice of Predisciplinary Conference” Lane received listed the charges as (1) prohibited use of the internet to view and retain pornography, and (2) misuse of city property in an inappropriate and offensive manner. The majority, however, focuses on written statements Taylor made in a termination memorandum to the State of Ohio and a letter to the Ohio Bureau of Employment Compensation after the pre-diseiplinary conference. Those statements suggested that Taylor terminated Lane’s employment because Lane’s sexually harassing conduct created a hostile work environment. Maj. Op. at 465.
In addition to an explanation of the employer’s evidence and an opportunity for the employee to present his or her side of the story, pre-deprivation due process requires “oral or written notice of the charges against [-the employee].” Loudermill, 470 U.S. at 546, 105 S.Ct. 1487 (emphasis added). This court has repeatedly held that oral notice can be informal, and it can be provided during the pre-deprivation hearing itself. See, e.g., Mitchell v. Fankhauser, 375 F.3d 477, 481 (6th Cir.2004); Morrison v. Warren, 375 F.3d 468, 474 (6th Cir.2004).
Although Lane’s written “Notice of Predisciplinary Conference” listed only the charges related to viewing pornography on a work computer, .during Lane’s predisciplinary conference, Taylor further explained, “Paul, there’s also been allegations of sexual harassment in your workplace,” and Taylor specifically referenced an alleged conversation about masturbation that Lane had with a female employee. Lane responded to those charges, telling Taylor that he did not even speak with those employees alleging sexual harassment and that he had no knowledge about a conversation involving masturbation. In other words, Taylor gave Lane oral notice of the sexual harassment allegations at the pre-deprivation hearing, and Lane utilized the conference as an opportunity to respond to those allegations.
Thus, Lane’s pre-deprivation hearing easily satisfied Loudermill and the law of the Sixth Circuit. A comparison with two *472 cases from this circuit confirms this conclusion. In Mitchell v. Fankhauser, this court held that oral communication alone is sufficient for notice. LeCarthy Mitchell, the head custodian of a public high school, was accused of stealing school property. Mitchell, 375 F.3d at 478. On August 20, 2001, Mitchell attended a meeting with the superintendent and other school officials. Id. Those officials informed Mitchell of allegations by third parties that Mitchell helped another custodian steal school property. Id. After a few days, the superintendent terminated Mitchell’s employment for that alleged theft. Id. at 479. Mitchell brought suit, asserting that his due process rights were violated because Mitchell’s employer failed to provide an evidentiary due process hearing regarding the reasons for his termination. Id. Addressing the issue of pre-deprivation due process, the Sixth Circuit determined that Mitchell’s employer provided adequate process because “[t]he August 20, 2001 meeting that Mitchell had with [the superintendent] and the other [school] officials provided Mitchell with oral notice of the charges against him and an opportunity to present his side of the story.” Id. at 481 (emphasis added).
The Sixth Circuit reached a similar conclusion in Morrison v. Warren. Deputy Sherriff Timothy Morrison was accused of domestic abuse by his wife, who obtained a civil protection order against Morrison. Morrison, 375 F.3d at 470. The order prohibited Morrison from carrying a deadly weapon for up to five years, which interfered with Morrison’s primary job requirement. Id. Human Relations Officer Yamini Adkins subsequently contacted Morrison to inform him that she was aware of the order, that she was placing Morrison on administrative leave, and that Morrison had to report to a pre-discharge hearing the following day. Id. At the hearing, Adkins explained the employment consequences of the civil protection order (i.e. termination) and notified Morrison of a pre-discharge conference the following day. Id. at 470-71. At the end of that conference the next day, Morrison was discharged. Id. at 471. Morrison claimed that his employer “violated his procedural due process right to a meaningful preter-mination hearing by neglecting to provide written notice of the specific charges against him.” Id. at 474. The Sixth Circuit disagreed, holding that the “oral notice provided by Adkins to Morrison — that he would be discharged as a result of his inability to carry a gun due to the Civil Protection Order — was sufficient.” Id. Therefore, just as oral notice during the pre-deprivation hearing alone was sufficient for due process in Mitchell and Morrison, it is similarly sufficient in Lane’s case.[2]
Furthermore, nothing in the record suggests that Lane was actually terminated because of those sexual harassment allegations. Taylor mentioned the sexual harassment allegations once at the hear *473 ing, suggesting that Taylor noted those allegations merely in order to impeach Lane’s credibility. Similarly, in a termination memorandum to the City of Picker-ington’s Personnel Director, Taylor stated that Lane “created a hostile working environment that makes women feel uneasy when [Lane]’ is present.” But Taylor also wrote that the disciplinary “meeting was to allow [Lane] to provide testimony to the charge of violating the City Policy on Technology,” and he stated that this violation of city policy created the hostile working environment. Taylor again noted the sexual harassment allegations in a letter to the Ohio Department of Job and Family Services detailing the circumstances of Lane’s departure. Yet, Taylor. did' not state that he terminated Lane because Lane violated the city policy banning sexual harassment. Id. Indeed, the only document that definitively stated the basis for Lane’s removal was the November 5, 2009 letter Taylor wrote notifying Lane of his termination. The letter expressly cited Lane’s violation of the Pickerington Personnel Policy and Procedures Manual provision prohibiting use of the internet to view pornography as the basis of Taylor’s decision. Consequently, the only disciplinary charge expressly relied on in the record is Lane’s misuse of technology to view pornography. This misconduct — viewing pornography during work hours, on work equipment — was more than sufficient to justify Lane’s dismissal.
In short, because I believe that Lane received adequate pre-deprivation due process in accordance with Loudermill and the law of this circuit, I dissent.

. The majority attempts to distinguish Collyer, arguing that Lane’s situation is different because (1) the evidence against Lane was "stale,” (2) the written notice provided to *471 Lane did not state the potential discipline he could receive, and (3) the plaintiff-appellant in Collyer received more detailed information about the evidence against him. Maj. Op. at 464-65 n. 7. This reasoning is problematic. First, the evidence against Lane could not have become "stale” until after its discovery. Although Lane’s improper acts were older, they remained unknown to the City for over four years. Once the pornography was discovered, however, the City acted on that evidence within seven days. The majority's second and third propositions ignore the ruling of Loudermill and its application to a unique set of facts in Collyer. Loudermill itself emphasized that the pre-termination hearing "need not be elaborate” and that "something less than a full evidentiary hearing is sufficient prior to adverse administrative action.” 470 U.S. at 545, 105 S.Ct. 1487 (internal quotations omitted). And Collyer echoed this plain pronouncement of the Supreme Court, stating that "Loudermill and its progeny do riot require any more than adequate explanation of the reasons for the employer’s action.” 98 F.3d at 224. Thus, Collyer does not mention, and the majority neglects to cite other legal authority requiring, that the written notice state the potential discipline available or that the description of evidence meet a certain level of detail in order to satisfy due process. Thus, because Taylor told Lane that he discovered pornography on Lane's work computer, Lane received an adequate explanation of the disciplinary action against him. No further action on Taylor's part was needed because his actions satisfied the due process requirements of Loudermill and Collyer.

. The majority holds that summary judgment was inappropriate on the issue of whether Lane received notice of those sexual harassment allegations because in its brief Pickerington states that the predisciplinary conference dealt with the technology policy violations, not the sexual harassment allegations. Maj. Op. at 465 n. 8. The fact that the predisciplinary conference "dealt with” the technology policy violations does not imply that the sexual harassment allegations were never mentioned. Indeed, in his deposition, Lane stated that Taylor said, "Paul [Lane], there’s also been allegations of sexual harassment in your workplace,” and "mentioned something about [how Lane] had a conversation about masturbation or masturbating with one of the [female employees].” Thus, summary judgment was appropriate because Lane received oral notice of those charges.